IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALLIED WORLD NATIONAL ASSURANCE COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>NHC, INC., *also known as* MNS, LTD., *doing business as* ABC STORES,<br><br>Defendant. | Civil No. 22-00469 MWJS-WRP<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR CERTIFICATION OF SUMMARY JUDGMENT ORDER PURSUANT TO RULE 54(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE |

**INTRODUCTION**

This is a case implicating two lawsuits. In the underlying lawsuit—brought in the Western District of Washington—a class of coffee farmers from Kona, Hawaiʻi alleged that Defendant NHC, Inc., also known as MNS, sold coffee advertised as containing 100 percent Kona coffee that in fact contained little to none of the real thing. MNS settled the claims in that suit for $12 million. It then sought $11 million in coverage from its insurer, Allied World National Assurance Company and Allied World Assurance Company (U.S.) Inc. (together, "Allied World").

That claim led to this lawsuit, in which Allied World sought a declaratory judgment that it owed no coverage to MNS. MNS did not merely defend itself; it also brought its own counterclaims, alleging that (1) Allied World breached the parties'

insurance contract by failing to provide coverage and (2) Allied World acted in bad faith by denying coverage.  At Allied World's request, this court bifurcated contract-interpretation questions (both in Allied World's complaint and in NHC's counterclaim) from the bad faith allegations in the latter of MNS's counterclaims, reserving that bad faith claim for a later stage.  ECF No. 90.  The court then granted Allied World's motion for summary judgment on the contract-interpretation questions, concluding that while the relevant insurance policies provided coverage for the settlement, an exclusion from coverage applied.  ECF No. 168.

What remains in this case, then, is MNS's bad faith counterclaim.  But NHC argues that the court should enter a final judgment on its summary judgment order under Federal Rule of Civil Procedure 54(b), so that it may appeal this court's ruling on the contract-interpretation questions before discovery commences on the bad faith claim.  ECF No. 172.  Allied World does not oppose the request.  *Id.; see also* ECF No. 173.  For the reasons explained below, MNS's Rule 54(b) motion is GRANTED.

## BACKGROUND

In September 2024, the court granted Allied World's motion to bifurcate Defendant's bad faith counterclaim.  ECF No. 90.  The court explained that bifurcation was warranted because the contract-interpretation and bad faith contentions were factually and legally distinct, and there was not a significant overlap in the evidence between them.  *See id.* at PageID.3444, 3448-49.  And so the contract-interpretation

claims proceeded with discovery and motion practice, but the court stayed further proceedings on the bad faith counterclaim. *Id.* at PageID.3451.

A few months later, the parties filed cross-motions for summary judgment on the contract-interpretation issues. *See* ECF No. 128 (Allied World's motion for summary judgment); ECF No. 130 (MNS's motion for summary judgment). The court held a hearing on the motions on June 26, 2025. ECF No. 167. And on July 3, 2025, the court issued an order ruling in Allied World's favor. ECF No. 168. In particular, the court determined that the claims settled in the underlying suit qualified for coverage under the "Advertising Injury" coverage provisions of Allied World's umbrella policies. *See id.* at PageID.6228. But the court also concluded that MNS was not entitled to payment from Allied World's policies because the failure-to-conform exclusion applies. *See id.* at PageID.6236.

Following the court's ruling, MNS filed a motion for entry of final judgment under Federal Rule of Civil Procedure 54(b). ECF No. 172. Allied World does not oppose entry of final judgment in their favor. *See id.* The court now resolves the motion on the briefs. *See* LR7.1(d).

**DISCUSSION**

Generally, orders granting partial summary judgment are not appealable final orders under 28 U.S.C. § 1291. *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015). But Federal Rule of Civil Procedure 54(b) provides a mechanism by which an

otherwise unappealable partial summary judgment order might be immediately appealed. *Id.* The rule provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim— . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a party seeks entry of final judgment, Rule 54(b) directs the court to engage in a two-step assessment. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). First, the court must determine whether it is "dealing with a 'final judgment.'" *Id.* at 7. That is, the ruling must be a "decision upon a cognizable claim for relief," and it must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (cleaned up). Second, the court must determine "whether there is any just reason for delay." *Id.* at 8. At the second step, courts consider factors such as whether the adjudicated and remaining claims are separable, whether an appellate resolution of the adjudicated claim would be mooted by further proceedings, and the potential for subsequent duplicative proceedings before the appellate court. *See id.* at 6-8; *see also* Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, 15A *Federal Practice and Procedure* § 3914.7.3 (3d ed. May 2025 Update).

Here, the court's summary judgment order fully resolved the parties' dispute about whether MNS was entitled to payment for the settlement under Allied World's

policies. As noted, the court concluded that Allied World's policies did provide coverage for the settlement, but that an exclusion from coverage applies as a matter of law, meaning that Allied World was not liable to cover MNS for the underlying settlement. *See* ECF No. 168, at PageID.6197. As a result, the summary judgment order fully disposed of the contract-interpretation dispute. And so the first element of the certification test is undoubtedly met.

There also is no just reason for delay of an appeal of the contract-interpretation issues. As the court detailed in its bifurcation order, the contract-interpretation and bad faith contentions are based on distinct evidence and legal standards, meaning that there is not a concern that there are "common and intersecting facts" that would "make[] piecemeal certification inappropriate." *Jewel*, 810 F.3d at 629; *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005) (explaining that a "similarity of legal or factual issues will weigh heavily against entry of judgment under Rule 54(b)" because the "greater the overlap the greater the chance that this court will have to revisit the same facts—spun only slightly differently—in a successive appeal" (cleaned up)). Further, a final appellate decision on the contract-interpretation issues likely will be determinative of the remaining course of the action. That is, MNS represents that if the court's summary judgment order is affirmed by the Ninth Circuit, MNS has "no intent to further pursue its pending bad faith claim." ECF No. 172-1, at PageID.6337. Under these circumstances, it is likely that "the Ninth Circuit will not have to decide the issues

to be appealed more than once, even if there are subsequent appeals," and so there is no reason to delay appeal on the contract-interpretation issues. *Equity Income Partners LP v. Chi. Title Ins. Co.*, No. CV-11-1614, 2014 WL 12745025, at *2 (D. Ariz. Jan. 29, 2014).

Conversely, were this court's summary judgment ruling on the contract-interpretation dispute to be reversed, MNS likely would be entitled to a broader amount of discovery—and its arguments on the merits of its bad faith counterclaim likely would be stronger. Hence, on the one hand, making a Rule 54(b) certification now would ensure that discovery and trial on the bad faith claim proceed with the Ninth Circuit's guidance as to the scope of the relevant evidence. And on the other hand, failing to certify now under Rule 54(b) would create the risk that this court would proceed through discovery and then resolve the merits of the bad faith counterclaim with its current understanding that a contract exclusion applied, only to have that understanding later reversed on appeal—with the consequence that discovery on the bad faith claim might then need to be re-done with the Ninth Circuit's guidance in hand. For these reasons, certification is more likely to expedite resolution of the case, rather than "cause additional delay." *Jewel*, 810 F.3d at 630.

It is also significant that Allied World does not oppose the motion; instead, it too recognizes that Rule 54(b) certification would serve the ends of the prompt and less costly resolution of this case. Given Allied World's non-opposition, and because the contract-interpretation issues have been fully resolved and there is no just reason for

delay, MNS's motion for certification of the summary judgment order under Rule 54(b) is GRANTED.

## CONCLUSION

For the foregoing reasons:

(1) MNS's Motion for Entry of Final Judgment Pursuant to Rule 54(b), ECF No. 172, is GRANTED.

(2) The Clerk of the Court is directed to enter judgment for Allied World pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for the court's Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, ECF No. 168.

(3) The remainder of the case—namely, MNS's bad faith counterclaim—is ordered to be administratively closed pending the Ninth Circuit's decision on appeal.

IT IS SO ORDERED.

DATED: August 7, 2025, at Honolulu, Hawai'i.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 22-00469 MWJS-WRP; *Allied World Nat'l Assurance Co.* et al. *v. NHC, Inc.*; ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR CERTIFICATION OF SUMMARY JUDGMENT ORDER PURSUANT TO RULE 54(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE

7